# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KENDRIX JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV38 SNLJ |
| | ) | |
| THOMAS D. GREENWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner seeking leave to proceed in forma pauperis, brings this action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information the Court assesses a partial initial filing fee of $1.00. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

Plaintiff alleges that he has congestive heart failure and an irregular heartbeat. He says that the Sheriff and medical staff at Pemiscot County Jail are not monitoring his heart rate. He also says he takes a blood thinner, Coumadin, which requires blood testing

once per week. Lack of testing could lead to blood clot formation and heart attack or stroke. The staff at the Jail have not tested his blood. Plaintiff says that the staff will not provide him with treatment because of costs. Finally, plaintiff says that he has no access to a library and that he cannot access the Federal Rules of Civil Procedure.

The Court finds that the interests of justice require it to construe this action to be against Thomas D. Greenwell, the Pemiscot County Sheriff. The Court will direct the Clerk to serve process on Greenwell. Upon receipt of service, Greenwell is directed to review plaintiff's medical files and identify the names of the nurses and doctors who have had contact with plaintiff during his detention there.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's supplement filed March 23, 2015, shall be construed as a motion to proceed in forma pauperis [ECF No. 3] and is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall terminate Pemiscot County Jail as the party defendant and replace it with Thomas D. Greenwell, Pemiscot County Sheriff.

**IT IS FURTHER ORDERED** that the Clerk shall serve process on Thomas D. Greenwell.

**IT IS FURTHER ORDERED** that, upon receipt of service, Greenwell is directed to review plaintiff's medical files and identify the names of the nurses and doctors who have had contact with plaintiff during his detention there.

Dated this 24th day of March, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE